Kent, April Sessions, 1837. The prisoner was indicted as follows:
 OCTOBER TERM, 1836.
 Kent County. ss.
The grand inquest for the State of Delaware and the body of Kent county, on their oath and affirmation respectively do present, that Smith E. Davis, late of Mispillion hundred in the county aforesaid, yeoman, John Redden, late of the same hundred and county, yeoman, and Michael Millman, late of the same hundred and county, yeoman, on the third day of September, in the year of our Lord one thousand eight hundred and thirty-six, with force and arms at Mispillion hundred in the county aforesaid, in and upon one Robert Ricords, he the said Robert then and there being a free negro, and in the peace of God and of the said state then and there being, did make an assault; and that they, the said Smith E. Davis, John Redden and Michael Millman, afterwards, to wit: on the day and year aforesaid, with force and arms, at the hundred aforesaid, in the county aforesaid, feloniously did kidnap and carry away from this state into the state of Maryland, the said free negro, Robert Ricords: against the form of an act of the general assembly in such case made and provided, and against the peace and dignity of the state.
And the jurors aforesaid, on their oath and affirmation aforesaid respectively, do further present, than John Whaley late of Mispillion *Page 539 
hundred in the county aforesaid, yeoman, before the said felony and kidnapping was committed by the aforesaid Smith E. Davis, John Redden and Michael Millman, in manner and form aforesaid, to wit: on the third day of September, in the year of our Lord one thousand eight hundred and thirty-six, with force and arms at Mispillion hundred in the county aforesaid, feloniously did aid and assist the afore said Smith E. Davis, John Redden and Michael Millman, feloniously to kidnap and carry away from this state into the State of Mary and the said free negro, Robert Ricords, in manner and form afore said; against the form of an act of the general assembly, in such case made and provided, and against the peace and dignity of the state.
On the trial the proof was, that the boy was kidnapped in Kent county and carried into Sussex, and from thence directly on into Maryland, and the prisoners' counsel raised the following objections to his conviction: 1st. That the crime of Davis, Redden and Millman was not proved to have been committed in Kent county. 2d. That the indictment varied from the evidence, because the former charged that Davis, Redden and Millman "at the hundredof Million in the county of Kent, feloniously did kidnap and carry away from this state into the State of Maryland the said free negro, Robert Ricords," and the evidence was, that Ricords was assaulted and seized in Kent, and carried from Kent though a part of Sussex into Maryland. The following authorities were cited: Digest D. L. 144-5; 1 Chitty Crim. Law,
177-8-9, 180, 190, 195; 3 Coke's Institutes, 48-9;Digest, 131.
The Court directed the jury to find the prisoner guilty, if upon the whole evidence they were satisfied of the prisoner's guilt, without reference to these objections; but reserved, with the consent of both parties, the decision of the questions raised. Verdictguilty generaly, on the whole indictment.
On the next day, April 26, 1837, the Chief Justice (J. M. CLAYTON,) delivered the opinion of the court:
It appears to be a general rule, that where a statute creates a new felony, which consists of an act partly within the kingdom and party without, and limits it to be tried where the offence is committed, the party may be indicted in the county where the part of the offence committed within the realm arose. 1 Chitty s CrimLaw, 122-3; 1 Hale, 706; 3 Inst. 80. The offence charged in this indictment is a new felony of this description. The negro was seized in Kent county, borne through a part of Sussex county, and thus carried out of this state into Maryland. It is not necessary to decide here that Davis, Redden and Millman, might have been indicted in Sussex. It is sufficient *Page 540 
now to decide, that they could be indicted in Kent, where they seized the negro, and through a part of which they carried him on their way into Maryland,
This is not like any of the cases cited, where the offence had its inception in one county, and its consummation in another. The consummation of the crime of Davis, Redden and Millman was not in Sussex county, but in the State of Maryland. The aiding and assisting, for which the prisoner was inflicted, occurred entirely in Kent.
The gist of the offence of Davis, Redden and Millman, is the carrying the free negro "out of this state into another state." (Dig., D.L. 101.) It is immaterial by what road he might have been so carried out, and where the indictment unnecessarily sets out the course travelled to get into Maryland, it can be but surplusage, which it is unnecessary to prove. The fact of the taking in Kent and of an actual asportavit there, was necessary to be proved; but when that is done, the prosecutor may show another and continued asportavit in another county. In treason, one overt act must be stated and proved to have taken place in the county where the indictment is laid; but afterwards, any overt acts of treason may be given in evidence of the same species of treason, though committed elsewhere, and not alledged in the indictment. (1 Chitty's Grim. Law, 192; Foster, 10;Dyer, 132, a.; Kel. 14, 15; 4 St. Tr. 447-8; 6Ib. 260; 1 East P. C. 125.) In the case of conspiracies, the venue may be laid in the county where any overt act by any one of the conspirators can be proved, and evidence may be then given of transactions in other counties. (4 East, 17i; 6 Ib. 590;Ch. C. L. 192.) Where a prisoner delivered in one county a box containing, amongst other things, forged stamps to his own servant that he might carry them, and who did so, to an inn situate in another county, to be forwarded by a carrier to a customer in the country; it was considered that he might be indicted in the county where the first delivery took place, and not where the inn was situate. (7 East.
65.) If a party writes and composes a libel in one county, with an intent to publish, and afterwards publishes it in another, he may be indicted in either. (4 B. A. 95; 3 Ib. 717.)
On the whole, we are well satisfied that the first count charging Davis, Redden, and Millman with kidnapping in Kent county was well enough laid, and is sustained by evidence of an asportavit through part of Kent, and part of Sussex county, into Maryland. Were it not so, they could not be convicted of the offence in any county. When Whaley was indicted and tried in Sessex, (Oct. T. 1836,) for aiding and assisting in the commission of this felony, he was acquitted by order of the court, because his offence occurred entirely in Kent. *Page 541 
The court then did not decide that Davis, Redden and Millman could not be indicted and tried either in Sussex or in Kent. It is clear that they could not be tried in Sussex if not in Kent, for there was an asportavit in both counties, and yet more of the actual corpus delicti is proved in the latter, than in the former county.
It may be proper to add, that this is not the case of an indictment founded upon a statute authorizing a mode or place of trial that did not exist at the common law; for then, all the facts should have been laid in the county where they actually happened. (1 Chitty's C. L.
196.) The mode and place of trial prescribed by the statute against kidnapping is the same with that existing at common law. The direction in the act is simply, that the case shall be tried in the county where the offence was committed, and the offence of Davis, Redden and Millman, was committed in this county.
 Judgment against the prisoner.